UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANNABEL CABRERRA,

        Plaintiff,

   v.

THE CITY OF NEW YORK,                            **COMPLAINT**
NEW YORK CITY POLICE LIEUTENANT
HOWARD A. ROTH, Tax # *** 582,
34th Precinct
NEW YORK CITY POLICE OFFICER
EDYTA PAWLICKI, Shield # 5370,
34th Precinct,

        Defendant(s).
------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, ANNABEL CABRERRA, seeks redress for the Defendants' violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983, Title II of the American Disability Act of 1990 and the ADA Amendments Act of 2008 (hereinafter "ADA"), and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional, Statutory and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, ANNABEL CABRERRA, is a United States Citizen that has been diagnosed with Multiple Sclerosis (hereinafter "MS"), and is, and at all times relevant herein, a resident of the State of New York. The Plaintiff filed a Notice of Claim against the City of New York on December 15, 2023, prior to the filing of this Complaint, and participated in a 50H Hearing on August 5, 2024. The Plaintiff also filed an ADA Complaint and a complaint with the New York State Division of Human Rights and received record numbers for the respective complaints .

8. Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH, Tax Number ***582, and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, Shield Number 5370, upon information and belief both of the 34nd Precinct, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and

Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department, operation of public services at its Police Precincts and the buildings housing the respective precincts, including Federal, State, and Municipal building code and accessibility compliance, and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of police precincts, a police force and the employment and training of Police Officers, including the named Defendant New York City Police Officer and other officers of its NEW YORK CITY POLICE DEPARTMENT.

## STATEMENT OF FACTS

11. On November 8, 2023 at approximately 3:00 p.m., Defendant CITY OF NEW YORK, via its NEW YORK CITY POLICE DEPARTMENT, was conducting a road block within the confines of the 34th Precinct, in the vicinity of 181st Street and Amsterdam Avenue in New York County.  At the roadblock, Defendant NEW YORK CITY POLICE LIEUTENANT HOWARD A, ROTH, TAX # ***582 and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, Shield Number 5370, of the 34th Precinct of THE NEW YORK CITY POLICE DEPARTMENT, ordered the Plaintiff to stop her vehicle and produce her driver's license and registration.  The Plaintiff complied with the Defendants' directive and reached into her glove compartment for her documents, at which time Defendant NEW YORK CITY POLICE LIEUTENANT ROTH observed the Plaintiff take out pepper spray while looking for the aforementioned documents. Defendant NEW YORK CITY POLICE LIEUTENANT ROTH then ordered the Plaintiff to exit her vehicle, whereupon Defendant NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH placed the Plaintiff in handcuffs and placed her under arrest for allegedly violating New York State Law by possessing the aforementioned pepper spray.  Defendant LIEUTENANT ROTH did not allow the Plaintiff, who was diagnosed with MS approximately twelve years ago, to take or use her cane which she uses to walk despite Plaintiff's request, after she informed Defendant LIEUTENANT ROTH, that she was medically required to use her cane to walk more easily.  The Plaintiff was then transported to the 34th Precinct.  While at the 34th Precinct processing Plaintiff's arrest, Defendant Officers ROTH and PAWLICKI made the Plaintiff walk up three flights of stairs, three separate times without the use of her cane, because the elevator in the 34th Precinct were not in working order, and there was no fingerprinting machine on the first floor of the Precinct.  The Plaintiff was required to navigate the stairs without the assistance of her cane, and despite her telling Defendant Officers ROTH and PAWLICKI that she needed the cane, the Defendant Officers would not allow the Plaintiff to use her cane.  The Plaintiff was subsequently kept in a cold, unheated cell for approximately nine hours, shivering from the cold, crying virtually the entire

time, before a female member of THE NEW YORK CITY POLICE DEPARTMENT placed a space heater near the Plaintiff's legs.  The Plaintiff was subsequently given a Desk Appearance Ticket by Defendant NEW YORK CITY POLICE OFFICER POWLICKI based upon the alleged possession of pepper spray, and released from custody at approximately midnight, approximately nine hours after she was arrested.  The Plaintiff, who was employed as a taxi driver, subsequently missed time from work and had to seek medical attention as a result of the conduct of Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER POWLICKI. and THE CITY OF NEW YORK. THE NEW YORK  COUNTY DISTRICT ATTORNEY'S OFFICE subsequently declined to prosecute the Plaintiff because it is no longer illegal to possess pepper spray.in New York State.

**FIRST FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

12. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on November 8, 2023 the conduct of Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, SHIELD NUMBER 5370 acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching, detaining and arresting the Plaintiff without lawful reason or cause.

14. That the actions of Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force

15. The Plaintiff incorporates by reference each of the allegations contained in Paragraph(s) One (1) through Fourteen (14) as if fully set forth herein.

16. That on November 8, 2023, the Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, unlawfully utilized excessive force upon the Plaintiff without lawful reason or cause, causing injury to the Plaintiff.

17. That the actions of Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution, Section 42 U.S.C. 1983- Malicious Prosecution

18. The Plaintiff incorporates by reference each of the allegations contained in Paragraph(s) One (1) through Seventeen (17) as if fully set forth herein.

19. That on November 8, 2023, the Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYNA PAWLICKI, SHIELD NUMBER 5370, unlawfully subjected the Plaintiff to an unlawful arrest without a valid lawful reason or cause, causing harm to the Plaintiff.

20. That the actions of Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYNA PAWLICKY, occurred during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH FEDERAL CLAIM

## Violation of Rights Secured by Title II of The American With Disability Act, and Section 504 of the Rehabilitation Act- Lack of Accomodation

21. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, on November 8, 2023 the conduct of Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYNA PAWLICKI, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and maliciously refusing to allow the Plaintiff to use her cane at the 34th Precinct of THE NEW YORK CITY POLICE DEPARTMENT.

23. That the actions of Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYNA PAWLICKI occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIRST STATE LAW CLAIM

24. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein,

7

25. That on November 8, 2023 the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, which resulted in the unlawful search, detention, arrest, and physical injury of and to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SECOND STATE LAW CLAIM

26. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That on November 8, 2023, the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, resulted in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned harm to the Plaintiff.

## THIRD STATE CAUSE OF ACTION

28. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. That on November 8, 2023, the actions of Defendant CITY OF NEW YORK, by failing to properly maintain operable elevators at its 34th Precinct, and failing to provide access to fingerprinting on the first floor of the 34th Precinct, resulting in the aforementioned harm to the Plaintiff, in violation of the New York State Human Rights Law and the New York State Elevator and Escalator Code.

## FOURTH STATE LAW CAUSE OF ACTION

30. The Plaintiff incorporated by reference each of the allegations contained in Paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That on November 8, 2023 the actions of named Defendants NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI, did falsely arrest the Plaintiff for possession of pepper spray, resulting in the aforementioned harm to the Plaintiff.

## FIFTH STATE LAW CAUSE OF ACTION

32. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33. That on November 8, 2023 the actions of named Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYNA PAWLICKI intentionally inflicted emotional distress upon the Plaintiff, resulting in the aforementioned harm to the Plaintiff.

## SIXTH STATE LAW CAUSE OF ACTION

34. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That on November 8, 2023 the actions of named Defendants, NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYNA PAWLICKI, resulted in the false imprisonment of the Plaintiff, resting in the aforementioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against named Defendant(s) NEW YORK CITY POLICE LIEUTENANT HOWARD A. ROTH and NEW YORK CITY POLICE OFFICER EDYTA PAWLICKI.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: October 31, 2024  
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.  
(VB-5289)  
Attorney for Plaintiff  
11 Park Place, Suite 1100  
New York, NY 10007  
(212) 227-7373